United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABEL REVILLA OCHOA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-4976 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Death-row inmate Abel Revilla Ochoa is scheduled for execution on February 6, 2020. On December 23, 2019, Ochoa filed a civil-rights action relating to his request to bring a videographer into prison to film an interview for use in the clemency process. Ochoa claims that prison policy provides greater access to death row inmates for media than for attorneys. Ochoa argues that "the denial of a filmed interview interferes with [his] access to courts and access to counsel, violates his rights under 18 U.S.C. § 3599, and denies him due process of law." (Docket Entry No. 1 at 1). Ochoa's complaint asks for the Court to: (1) order the Defendants to allow the filmed interview; (2) enjoin the Defendants from executing him during the pendency of this lawsuit; (3) declare unconstitutional prison policies that allegedly favor access to media over that of an inmate's attorneys; (4) enjoin the Defendants from creating or enforcing policies that favor media; and (5) create new accommodations for the videotaping of inmates. (Docket Entry No. 1 at 16).

This Court held a telephone hearing on January 7, 2020, after which the parties

reached an agreement permitting Ochoa's video interview. Ochoa's interview occurred on January 13, 2020. Ochoa has not raised any concern about the access provided for the videotaped interview.

Two motions are pending. On January 17, 2020, the Defendants filed a Motion to Dismiss Plaintiff's Complaint and Response in Opposition to Plaintiff's Request for Stay of Execution. (Docket Entry No. 10). The Defendants primarily argue that Ochoa has already received the substantive relief that he requested. With the substance of Ochoa's arguments now moot, the Defendants ask this Court to dismiss the lawsuit. Alternatively, the Defendants argue that any remaining claims concerning prison policy suffer from various procedural defects. The Defendants argue that Ochoa lacks standing to challenge the prison procedures, has not exhausted administrative remedies, improperly seeks mandamus relief, and has not complied with the applicable limitations period. The Defendants also contend that Ochoa's claims lack constitutional footing and are without merit.

Ochoa has not yet filed a response to the Motion to Dismiss. On January 21, 2020, Ochoa filed an Opposed Motion for a Stay of Execution. (Docket Entry No. 11). Ochoa argues that the January 13, 2020, interview did not moot his lawsuit because the objectionable prison policies still remain in place. Ochoa reiterates the constitutional arguments from his complaint and contends that he has met the showing necessary to stay an execution.

A federal court has inherent discretion when deciding whether to stay an execution.

*See Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Under well-established law, a court considers four factors in deciding whether to stay an execution: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434. When considering these factors, however, federal courts "can and should protect settled state judgments from undue interference by invoking their equitable powers to dismiss or curtail suits that are pursued in a dilatory fashion or based on speculative theories." *Bucklew v. Precythe*, ___ U.S. ___, 139 S. Ct. 1112, 1134 (2019).

The *Nken* factors weigh heavily in the Defendants' favor. The January 13, 2020, videotaped interview mooted much of Ochoa's lawsuit. To the extent Ochoa argues that his constitutional attack on prison policy remains viable, the Defendants have identified serious procedural defects in Ochoa's claims. The Defendants have also pointed out serious substantive weaknesses in Ochoa's constitutional challenges to prison policy, such as (1) no authority incorporates a constitutional right to present videotaped evidence into a State's clemency process; (2) counsel's representation in this instance is not constitutionally guaranteed but afforded by statutory law and thus limitations on videotaping do not offend a constitutional right to counsel; (3) Ochoa has experienced no deprivation of access to the courts; (4) only limited and narrow due process guarantees govern a State's clemency proceedings; and (5) differences between the access of media and attorneys to prison inmates

are not a matter of constitutional dimension. While Ochoa has not yet responded to all these arguments, this Court's review of the pleadings and the law suggests that Ochoa has not shown a likelihood of success on the merits.

Ochoa's "inability to establish a likelihood of success on the merits is, effectively, dispositive of the motion for stay." *Crutsinger v. Davis*, 930 F.3d 705, 707 (5th Cir. 2019). The Court, however, notes that the other factors weigh heavily against Ochoa. Here, the possibility of irreparable injury does not weigh in Ochoa's favor. Even if merit exists to Ochoa's argument that prison policies violate the Constitution, those policies no longer pose any concern for him individually. The Defendants have already accommodated his request for a videotaped interview. Any continuing constitutional problem with the prison videotaping policy will not injure Ochoa personally.

The remaining two *Nken* factors weigh strongly in the Defendants' favor. A stay would prejudice the Defendants because Texas has a "strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Crutsinger v. Davis*, 936 F.3d 265, 272-73 (5th Cir. 2019). The public interest more greatly lies in allowing the State to carry out its otherwise-valid judgment because "protecting against abusive delay is an interest of justice." *Martel v. Clair*, 565 U.S. 648, 662 (2012).

The Court, therefore, finds that Ochoa has not met any of the factors required for staying an execution. The Court **DENIES** Ochoa's motion for a stay.

The Court will take the Defendants' Motion to Dismiss under advisement. All

4

briefing is currently suspended. The parties will inform the Court within twenty-four (24) hours of either (1) a stay granted by any other court or (2) the execution of Ochoa's death sentence.

The Clerk is directed to provide copies of this order to the parties.

SIGNED at Houston, Texas on _January 27_, 2020.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE